# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEMPLE, *Individually and On Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>QC HOLDINGS, INC.,<br><br>Defendant. | Case No. 12-cv-01997-BAS(WVG)<br><br>CLASS ACTION<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 78);**<br><br>**(2) DENYING DEFENDANT'S *EX PARTE* MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM (ECF NO. 85); AND**<br><br>**(3) GRANTING JOINT MOTION TO STAY FOR 90 DAYS (ECF NO. 88)** |

Presently before the Court are (1) a motion for reconsideration filed by defendant QC Holdings, Inc. ("Defendant") of the Court's order granting in part and denying in part the motion for class certification filed by plaintiff Paul Stemple ("Plaintiff") (ECF No. 78); (2) Defendant's *ex parte* motion for leave to file a supplemental memorandum in support of its motion for reconsideration (ECF No. 85); and (3) a joint motion to stay all proceedings for 90 days to allow time for a jointly agreed-upon mediation (ECF No. 88).

For the reasons set forth below, the Court **DENIES** Defendant's motion for reconsideration (ECF No. 78),[1] **DENIES** Defendant's *ex parte* motion for leave to file a supplemental memorandum in support of its motion for reconsideration (ECF No. 85), and **GRANTS** the joint motion to stay all proceedings for 90 days to allow time for a jointly agreed-upon mediation (ECF No. 88).

I.  BACKGROUND

Plaintiff commenced this putative Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, class action on August 13, 2012. Defendant thereafter filed an answer and the parties proceeded to discovery. On February 14, 2014, Plaintiff filed a motion to certify the following class under Federal Rule of Civil Procedure 23(b)(2) and (b)(3):

> All persons whose 10-digit cellular telephone numbers with a California area code were listed by an account holder in the Employment and/or Contacts fields of a California customer loan application produced to [Defendant], which were called by [Defendant] using an [ATDS] and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

(ECF No. 39-1 at p. 4.) Defendant opposed class certification. (ECF No. 54.) On September 5, 2014, the Court granted in part and denied in part Plaintiff's motion for class certification. (ECF No. 75.) Specifically, the Court denied Plaintiff's motion for class certification under Rule 23(b)(2) and granted Plaintiff's motion for class certification under Rule 23(b)(3), and modified the class definition *sua sponte* to state:

> All persons whose 10-digit cellular telephone numbers with a California area code were listed by an account holder in the Employment and/or Contacts fields, **but were not listed in the**

---

[1]   The Court finds Defendant's motion for reconsideration suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).

**Personal fields**, of a California customer loan application produced to [Defendant], which were called by [Defendant] using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

(*Id.* at pp. 15-18 (modification in bold)). Defendant now moves to reconsider the Court's order granting class certification. (ECF No. 78) The parties also jointly move to stay this action for 90 days pending mediation. (ECF No. 88.)

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration of an order based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

District courts also have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, the court applies the standard

required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc.*, 229 F.3d at 890. However, a Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

### B.   *Ex Parte* Motion to File Supplemental Memorandum

Defendant seeks to file a supplemental memorandum in support of its motion for reconsideration of the Court's order granting in part and denying in part Plaintiff's motion for class certification. (ECF No. 85.) Defendant represents that after the Court's class certification order was issued, Plaintiff served additional written discovery on Defendant seeking contact information for the members of the certified class. (*Id.* at p. 1.) Defendant argues that the new data supports Defendant's contention that individualized inquiries will still be necessary to determine class membership for the following reasons: (1) "based on Defendants' [sic] business records, as many as 2,204 of the 6,387 telephone numbers Plaintiff identified as those belonging to members of the (now-certified class) may in fact belong (or may have

belonged at some point) to Defendant's customers;" and (2) "in many instances" the telephone numbers belong to companies and not to the individuals listed on the loan application. (*Id*. at pp. 2-3.) Defendant attached its proposed supplemental memorandum as Exhibit D to its *ex parte* motion.

Plaintiff filed an opposition, arguing that the "new" information Defendant seeks to introduce has been in the possession of Plaintiff since at least March 2014, prior to the time Defendant filed its opposition to the motion for class certification, and Plaintiff is not permitted a second bite at the proverbial apple on a motion for reconsideration. (ECF No. 87.) The Court agrees with Plaintiff. A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. Accordingly, Defendant's *ex parte* motion to file a supplemental memorandum in support of its motion for reconsideration of the Court's order granting in part and denying in part Plaintiff's motion for class certification is **DENIED**.[2]

### C. Motion for Reconsideration

Defendant requests reconsideration of the Court's class certification order on the ground that the Court committed clear error. (ECF No. 78 at p. 6.) Defendant first argues that "[a]lthough the Court's certified class definition purports to resolve

---

[2] As Plaintiff acknowledges, "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *see also Officers For Justice v. Civil Serv. Comm'n of the City & Cnty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978). Thus, "a district court retains the flexibility to address problems with a certified class as they arise, including the ability to decertify." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO,CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). The new information and argument Defendant seeks to introduce by way of its motion for reconsideration would more appropriately be presented on a fully noticed motion for class decertification.

1    'individualized issues with respect to "prior express consent"' provided by QC
2    customers, it is premised upon both legal and factual misconceptions." (*Id.* at p. 1.)
3    Specifically, Defendant argues that the amended class definition (1) "fails to address
4    the individualized inquiry *still* required to prove the existence of prior express
5    consent given that individuals, under certain circumstances, *can* provide prior express
6    consent to be called at a telephone number other than their own" (*id.* at p. 4; *see also*
7    pp. 7-9); and (2) "fails to take into account the possibility that cell numbers called by
8    QC may have belonged to customers whose hard copy applications are no longer in
9    existence" or have not been produced (*id.* at p. 6).

10   Defendant previously made the first argument in its opposition to Plaintiff's
11   motion for class certification. The Court did not find it availing then, and Plaintiff
12   has not persuaded the Court it committed clear error, the initial decision was
13   manifestly unjust, or there has been any relevant intervening law or newly discovered
14   evidence the Court has not considered. As to the second argument, Defendant raises
15   the following arguments or hypotheticals for the first time: (1) "an individual listed in
16   the Employment or Contacts fields *might* have applied for a loan from QC outside the
17   State of California—in which case his or her name would not appear in the 'Personal'
18   section of any loan application produced to Plaintiff during class certification
19   discovery in this case;" and (2) "the *possibility* that cell phone numbers called by QC
20   may have belonged to QC customers whose hard copy applications are no longer in
21   existence." (*Id.* at p. 6 (emphasis added)). These arguments are improperly raised on
22   a motion for reconsideration which may not be used to raise arguments or present
23   evidence for the first time when they could reasonably have been raised earlier in the
24   litigation.[3] *See Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263.[4]

---

26   [3]   Defendant argues reconsideration is warranted because it did not have
27   the opportunity to object to the Court's modified class definition. (ECF No. 78 at p. 3.) However, in the present motion, Defendant asks the Court to reconsider many of
28   the same arguments it previously raised, and any new arguments or issues raised by Defendant were not created by the Court's modification. They were arguments

Defendant further argues that the Court's "certification decision failed to address the inherent practical difficulties the parties will encounter when relying on Plaintiff s list of cell phone numbers to ascertain individual class members." (ECF No. 78 at pp. 9-10.) More specifically, Defendant argues that (1) reverse lookup will only identify the individual who currently uses the cellular number; (2) reverse lookup will not identify the persons who were called, only the company that owns the number, if the number listed was a business number; and (3) applicants may have failed to follow directions in the application and provided inaccurate information. (*Id.*) Defendant previously made the first argument in its motion for class certification and has not identified any grounds for reconsideration. The last two arguments, which were not previously addressed, not only lack merit, but are improperly raised on a motion for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263.

Because Defendant fails to demonstrate entitlement to reconsideration, the Court **DENIES** its motion. (ECF No. 78.)

## IV.   JOINT MOTION TO STAY

The parties jointly seek a temporary stay of 90 days of all proceedings and deadlines in this matter to allow them the opportunity to schedule, prepare for, and participate in a mediation session. Having read and considered the moving papers, and good cause appearing, the Court **GRANTS** the joint motion (ECF No. 88).

## V.   CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Defendant's motion for reconsideration (ECF No. 78), **DENIES** Defendant's *ex parte* motion for leave to file a supplemental memorandum in support of its motion for reconsideration (ECF

---

Defendant could have raised at the time it filed its opposition.

[4] The Court further notes that on the issue of individualized consent, hypotheticals are insufficient to defeat class certification. *See Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012); *Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 567 (W.D. Wash. 2012).

1  No. 85), and **GRANTS** the joint motion to stay all proceedings for 90 days to allow
2  time for a jointly agreed-upon mediation (ECF No. 88).
3       Accordingly, the action is **HEREBY STAYED** for 90 days from the date of
4  this Order.  The parties shall file a joint report concerning the status of the mediation
5  effort no later than **June 18, 2015**.
6       **IT IS SO ORDERED.**
7
8  **DATED:  March 20, 2015**

Hon. Cynthia Bashant
United States District Judge