EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement"), effective as of the date of the last signature below, is made by and between Plaintiff Paul Stemple ("Stemple"), individually and on behalf of the class of the Settlement Class as further defined herein, and Defendant QC Holdings, Inc. ("QC") (the "Parties"), subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure.  As provided herein, Class Counsel and the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon entry by the Court of a Final Approval Order and Final Judgment, all claims of the Settlement Class against QC consistent with the TCPA claims asserted in *Paul Stemple, individually and on behalf of all others similarly situated, v. QC Holdings, Inc.,* Case No. 12-cv-01997-BAS-WVG, (the "Action") pending before the United States District Court for the Southern District of California, shall be settled and compromised upon the terms and conditions set forth herein.

## RECITALS

A.     There is pending in the United Stated District Court for the Southern District of California, a civil action entitled *Paul Stemple, individually and on behalf of all others similarly situated, v. QC Holdings, Inc.,* bearing Case No. 12-cv-01997-BAS-WVG.

B.     Stemple commenced the Action on August 13, 2012 against QC by filing a putative class action complaint asserting causes of action for: (1) negligent violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and (2) willful violation of the TCPA.  Stemple alleges that QC violated the TCPA by calling Stemple's cellular telephone using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without obtaining prior express consent to do so (the "Calls").  QC denies these allegations.

C.     For over three years, the Parties have actively litigated the Action.  Among other things, the Parties have propounded and responded to extensive written discovery, taken depositions and exchanged voluminous documents.

D.     On September 23, 2013, the Parties attended an all-day mediation with the Honorable Leo S. Wagner (Ret.). Also, on July 30, 2015, the Parties attended a part-day mediation with the Honorable Leo S. Papas (Ret.), continuing to negotiate through Judge Papas in the weeks that followed. Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of the Action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the Action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in this Settlement Agreement.

E.     QC denies that it committed any wrongful act or violated any law or duty.  QC also denies that Stemple, or the class he seeks to represent, is entitled to any form of damages or relief based on the conduct alleged in the Action.  In addition, QC maintains that it has meritorious defenses to all claims alleged in the Action and it is prepared to defend the Action. This Settlement Agreement, and all related documents, shall not be construed as any admission or concession by QC, or any of the Released Parties (defined in Section 16 below), of any fault, liability, wrongdoing or damage whatsoever.

F.     Stemple and his counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, Stemple and his counsel

**Exhibit 1 01**

believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement.   Stemple and his counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties hereby agree, subject to approval by the Court, as follows:

## 1.      Definitions

In addition to the terms defined at various points within this Settlement Agreement, the following Defined Terms apply throughout this Agreement and the attached exhibits:

1.1      "Action" means *Stemple v. QC Holdings, Inc.,* Case No. 12-cv-01997-BAS-WVG, pending before the United States District Court for the Southern District of California.

1.2      "CAFA Notice" means the notice required under 28 U.S.C. §1715.

1.3      "Claim Form" means the form made available for use by Class Members on the back of the Mail Notice and on the Settlement Website for the purpose of making a claim for recovery under the Settlement.

1.4      "Claims Administrator" means Kurtzman Carson Consultants, LLC.

1.5      "Class Counsel" means Joshua B. Swigart of Hyde & Swigart, Abbas Kazerounian of Kazerouni Law Group, APC, and Todd M. Friedman of The Law Offices of Todd M. Friedman, P.C.

1.6      "Class Period" means the period from August 13, 2008 and August 13, 2012.

1.7      "Court" means the United States District Court for the Southern District of California.

1.8      "Defendant" means QC.

1.9      "Escrow Account" means the account to be established consistent with the terms and conditions described below.

1.10      "Final Approval" means the date that the Court enters an order and judgment granting final approval of the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of the Service Award to Plaintiff.

1.11      "Final Approval Order" means the order that the Court enters upon finally approving the Settlement.   The Parties shall tender the form of Final Approval Order attached hereto as **Exhibit E** for the Court's consideration.

1.12      "Final Hearing Date" means the date set by the Court for the hearing on final approval of the Settlement.

**Exhibit 1 02**

1.13 "Final Judgment" means the entry by the Court of a judgment finally approving the settlement of the Action pursuant to the terms of this Settlement Agreement. That judgment shall have become final either by expiration of time for appeal or, if a Class Member objects to the settlement and files an appeal, by either a dismissal of said appeal or final appellate court decision in favor of, and affirming, the judgment and the Settlement Agreement in all material respects.

1.14 "Mail Notice" means the form of notice to be mailed by the Claims Administrator to all Class Members with a known address. Mail Notice shall take a form substantially the same as that attached hereto as side one of **Exhibit A**.

1.15 "Notice Deadline" means (30) days from the date the Court grants Plaintiff's Motion for Preliminary Approval.

1.16 "Opt-Out Period" means the period that begins the day after the earliest date on which the Class Mail Notice is first mailed or published, and that ends no later than 30 days prior to the Final Hearing Date. The Opt-Out deadline will be specified in the Class Mail Notice.

1.17 "Opt-Out and Objection Deadline" means one hundred and thirty (130) days from the date the Court grants the Motion for Preliminary Approval.

1.18 "Parties" means Plaintiff and Defendant, who are "Parties" to this Settlement Agreement.

1.19 "Plaintiff" means Paul Stemple.

1.20 "Preliminary Approval" means the date that the Court enteres and order granting preliminary approval of the Setttlement.

1.21 "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement. The Parties shall tender the form of Preliminary Approval Order attached hereto as **Exhibit D** for the Court's consideration.

1.22 "Publication Notice" means the notice of the Settlement to be accomplished through print and internet media as described at Section 9.3 of this Agreement.

1.23 "Q & A Notice" means the notice concerning the Settlement to be posted on the Settlement Website as described in Section 9.2 of this Agreement.

1.24 "QC" means defendant QC Holdings, Inc. and its subsidiaries, along with their predecessor names and/or entities.

1.25 "Released Claims" means all claims to be released as specified in Section 16 of this Agreement. The "Releases" means all of the releases contained in Section 16 of this Agreement.

1.26 "Released Parties" means those persons and entities released in Section 16 of this Agreement.

1.27 "Releasing Parties" means Plaintiff and all members of the Settlement Class who do not timely and properly opt out of the Settlement, and each of their respective heirs, assigns, beneficiaries, and successors.

Exhibit 1 03

1.28    "Settlement" means the settlement into which the Parties have entered to resolve the Action.   The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

1.29    "Settlement Class" means the proposed class as defined at Section 2.1 of this Agreement.

1.30    "Settlement Class Member" means any person or entity included in the Settlement Class who does not timely and properly opt out of the Settlement.

1.31    "Settlement Fund" means the fund established under Section 4 of this Agreement.

1.32    "Settlement Website" means the website to be created and operated by the Claims Administrator to facilitate Class Members' access to settlement-related information and necessary settlement-related forms.

1.33    "Service Award" means any Court-ordered payment to Plaintiff in addition to any payment due Plaintiff as a Settlement Class Member.

1.34    "Valid Claim Form" means a timely-submitted Claim Form that satisfies the criteria set forth at Section 10.2 of this Agreement.

1.35    "Valid Exclusion Request" means a timely-submitted opt-out our exclusion request that satisfies the criteria set forth at Section 11 of this Agreement.

## 2.    Settlement Class

2.1    <u>Proposed Class Definition</u>.   For settlement purposes, the Parties have agreed to define the class as follows:

> All persons or entities within the United States whose 10-digit cellular telephone numbers were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a customer loan application produced to Defendant, and who were called by Defendant using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

2.2    <u>Estimated Class Size</u>. The Parties have entered into this Settlement Agreement on the basis of their estimation that the Class consists of approximately 31,230 members ("Class Members").   The estimated class size is a material term of this Settlement Agreement.

## 3.    Certification of Settlement Class and CAFA Compliance

3.1    The Parties desire and intend to seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Stemple and the Class Members as set forth in this Settlement Agreement.   The Parties agree to undertake all steps necessary to effectuate the purpose of the settlement, to secure the Court's approval of the settlement, and to oppose any interventions and objections to the settlement, including objections by any regulatory authority.  Class Counsel (as defined in Section 1.3 above) reserves the right to appeal any award of attorney's fees and costs that is less than, and QC's counsel reserves the

**Exhibit 1 04**

right to appeal any award of attorney's fees and costs that is more than, the amount the Parties agreed to in Section 4 below. The proposed Preliminary Approval Order is attached as **Exhibit D** hereto.  The proposed Final Approval Order is attached as **Exhibit E** hereto.

        3.2    Upon full execution of this Settlement Agreement, Plaintiff will file a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") in accordance with the terms of this Settlement Agreement.  QC will not oppose a motion to certify the Settlement Class for that purpose only, and reserves all its defenses and objections to certification of the proposed class.  The Motion for Preliminary Approval will seek an order that: (a) preliminarily approves the settlement of the Action; (b) certifies a Class for settlement purposes as defined in Section 2.1 above; (c) approves and appoints Stemple as representative of the Class; (d) approves and appoints Joshua B. Swigart of Hyde & Swigart, Abbas Kazerounian of Kazerouni Law Group, APC, and Todd M. Friedman of The Law Offices of Todd M. Friedman, P.C. as Class Counsel; (e) approves the forms provided for in this Settlement Agreement for giving notice of the Settlement to the Class, as provided in Section 9 of this Agreement (the "Notice Forms"); (f) approves the methods provided for in this Agreement for giving notice of the Settlement as provided in Section 9 of this Agreement; (g) approves the Claim Form attached as side two of **Exhibit A** hereto and the claims process described in Section 10; (h) sets deadlines for providing notice to the Class and for Class Members to submit requests for exclusion/opt-out, entry of an appearance, or objections to the proposed settlement.  The Parties will thereafter seek final approval of the settlement and entry of a "Final Judgment" (as defined in Section 14 below).

        3.3    If the Court declines to approve the Settlement, or if the Court changes the Settlement Class composition or the terms of the Settlement in any way not acceptable to one or more of the Parties after reasonable consultation with the other Party, or if certification of the Settlement Class or approval of the Settlement is reversed, or if certification of the Settlement Class or approval of the Settlement is changed upon appeal or review in any way not acceptable to one or more of the Parties, that Party or those Parties shall, after reasonable consultation with the other, have the right to terminate the Settlement.  In that event, there will have been no admission of liability and no waiver of any claim or defense of any kind whatsoever.

        3.4    QC shall be responsible for providing the CAFA Notice, as required by 28 U.S.C. § 1715, but may delegate that responsibility to the Claims Administrator.  Prior to the deadline for Settlement Class Members to opt out and/or object to this Settlement, QC shall file proof of compliance with CAFA Notice requirements of 28 U.S.C. §1715.

## 4.    The Settlement Fund

        4.1    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases as set forth in Section 16 and the dismissal of the Action upon Final Approval, within six (6) months following Final Approval QC shall deposit the sum of One Million, Five Hundred Thousand Dollars ($1,500,000) into an Escrow Account held by the Claims Administrator to create the Settlement Fund.

        4.2    The Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any reasonable attorneys' fees and costs approved and awarded by the Court, any incentive award approved and awarded by the Court, and the costs of claims administration, including class notice.  QC shall not, under any circumstances, be obligated to pay any other additional amounts, besides those referenced in this paragraph, to the Settlement Fund in connection with this Settlement Agreement.  No interest shall accrue on the Settlement Fund.

        4.3    The Settlement Fund at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1.  All taxes (including any

**Exhibit 1 05**

estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed on QC or its counsel or Plaintiff and Class Counsel with respect to income earned by the Settlement Fund during any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund.  QC and its counsel and/or Plaintiff and Class Counsel shall have no liability or responsibility for any of the Taxes.

       4.4     The amount of the Settlement Fund shall not be reduced as a result of any member(s) of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason.

**5.**      **Recovery for the Class**

       Class Members who submit a Valid Claim Form, as set forth in Section 10.2-below, will receive a pro rata share of the Settlement Fund in the form of a check (after any attorneys' fees and costs awarded by the Court, any Service Award to Stemple awarded by the Court, and any costs of claims administration are deducted from the Settlement Fund).  There shall be permitted only one claim per cellular telephone number for each Class Member regardless of the number of calls received.

**6.**      **Attorney's Fees and Costs for Class Counsel**

       Class Counsel shall move the Court for an award of attorneys' fees and costs incurred in connection with the Action to be paid to Class Counsel from the Settlement Fund.  QC shall not object to such a motion so long as the attorneys' fees requested are not more than 30% of the Settlement Fund and the litigation costs do not exceed $50,000.  Any attorneys' fees and costs approved by the Court shall be paid to Class Counsel from the Settlement Fund.  This Settlement Agreement is not conditioned on the Court's approval of any attorneys' fees and costs sought by Class Counsel.  No interest will accrue on any attorneys' fees or costs awarded by the Court to Class Counsel.

**7.**      **Service Award for Named Plaintiff**

       Class Counsel shall move the Court for a Service Award for Stemple for his service as class representative in this Action, in an amount not to exceed $5,000, to be paid from the Settlement Fund.  Court approval of any Service Award will not be a condition of the Settlement. QC shall not object to a Service Award that does not exceed $5,000.

**8.**      **Third-Party Claims Administrator**

       8.1     The costs and expenses related to claims administration (estimated to be approximately $181,695) shall be paid from the Settlement Fund.  Because the costs and expenses of claims administration will affect each Class Member's pro rata share of the Settlement Fund, the costs and expenses of claims administration shall be overseen by Class Counsel.  QC's counsel may also oversee the claims administration process as they deem necessary.  The Parties will use good faith efforts to minimize the costs of claims administration.

       8.2     Claims administration shall be conducted by a third party administrator, Kurtzman Carson Consultants, LLC (the "Claims Administrator"), which is located at 2335 Alaska Ave, El Segundo, CA 90245.  The Claims Administrator's telephone number is (310) 823-9000.

**Exhibit 1 06**

8.3     Subject to the oversight of Class Counsel and QC's counsel, the Claims Administrator shall be responsible for, among other things, the following: (a) providing notice to Class Members as set forth in Section 9 below; (b) providing settlement checks to Class Members entitled to receive a settlement check pursuant to Section 10.1 below; (c) creating and maintaining the Settlement Website as set forth in Section 9.2 below; (d) maintaining a toll-free telephone number as set forth in Section 9.3 below; and (e) acting as a liaison between Class Members and the Parties regarding the settlement.  The Claims Administrator shall be permitted to communicate without restriction with Class Counsel and QC's counsel.

8.4     All costs and expenses related to claims administration shall be paid from the Settlement Fund as invoiced by the Claims Administrator in order to do what is necessary for claims administration.

## 9.     Notice of Settlement

9.1     <u>Mail Notice</u>.

9.1.1   In the event of Preliminary Approval, QC shall create a list of Class Members, including the telephone number and last known address for each Class Member to the extent available from its existing business records.  As soon as practicable, but in no event more ten (10) days after Preliminary Approval, QC shall deliver the list of Class Members to the Claims Administrator.  The Claims Administrator will treat the information regarding the Class Members in a confidential manner pursuant to the protective order entered in the Action.

9.1.2   The Claims Administrator will provide individual notice, via First Class U.S. Mail, to all Class Members with known addresses ("Mail Notice").  Prior to mailing the Mail Notice, the Claims Administrator will update the address information provided by QC through the National Change of Address ("NCOA") database maintained by the U.S. Postal Service.  Any Mail Notice returned to the Claims Administrator with a new forwarding address will be re-mailed to the Class Member at the new forwarding address.

9.1.3   The Claims Administrator will perform a reverse telephone number lookup for the Class Members for whom Defendant does not have address information.  The address information obtained through a reverse phone number lookup will be used to facilitate Mail Notice to the Class Members.

9.1.4   The Claims Administrator will mail the Class Members the Mail Notice as soon as reasonably practicable but no later than thirty (30) days from the date the Court grants the Motion for Preliminary Approval (the "Notice Deadline").  The Claims Administrator will file a declaration with the Court, as part of the final approval papers, stating that these procedures were followed.

9.1.5   The Mail Notice to the Class will consist of a double postcard that contains a summary description of the Settlement Agreement, identifies the Claims Administrator, and directs recipients to the Settlement Website from which additional information about the settlement, including the Claim Form, can be obtained. The back of the Mail Notice contains the Claim Form. The Mail Notice will be substantially in the form of side one of **Exhibit A** attached hereto.

9.2     <u>Settlement Website Notice</u>.

9.2.1   The Claims Administrator shall create an Internet website for this Action, where settlement information and claim submission will be made available ("Settlement Website").  The Settlement Website will: (a) inform Class Members of the basis of the claims

**Exhibit 1 07**

raised in the Action and the payment under this settlement; (b) advise Class Members about how to submit opt out/exclusion notices from the settlement and the deadlines for Class Members to submit requests for exclusion/opt-out or objections to the proposed settlement ("Opt-Out and Objection Deadline"); (c) instruct that Class Members should direct questions about the Action or proposed settlement to Class Counsel; and (d) inform Class Members to their right to appear in the Action through their own attorney. This notice will be in a question and answer format and will contain a full copy of the release (the "Q & A Notice") and will be substantially in the form of **Exhibit B** attached hereto.

   9.2.2   In addition, the Settlement Website will provide access to copies of the Mail Notice, Q & A Notice, Claim Form, the Settlement Agreement, the Preliminary Approval Order, Stemple's fee brief, and any other materials the Parties agree to include.  The Settlement Website shall also provide for online submission of Claim Forms.  These documents shall be available on the Settlement Website no later than the Notice Deadline and remain so at least until Final Approval.  The Claims Administrator shall secure a URL for the Settlement Website selected by Class Counsel and approved by QC. The content and format of the website will be agreed upon by the parties.  Ownership of the Settlement Website URL shall be transferred to QC within ten (10) days of the date on which operation of the Settlement Website ceases.  The Settlement Website shall be maintained for at least one hundred and eighty (180) days, and shall be fully operational on the day the Mail Notice is sent to Class Members.

   9.3  Publication Notice.

   In order to reach Class Members for whom current address information is unknown, notice will be provided by publication by (1) one insertion of the Publication Notice in USA Today in an advertisement size of at least 1/6 of a page and (2) sponsored link and banner advertising on the Internet for a duration of one month no later than 30 days after mailing the Mail Notice of at least Ninety Million (90 Million) total impressions (collectively "Publication Notice"). The Publication Notice will be substantially in the form of **Exhibit C** attached hereto. The Publication Notice, when combined with the Settlement Website Notice and Mail Notice shall be sufficient to obtain an opinion of sufficient notice from the Claims Administrator's notice expert.  The Claims Administrator shall be responsible for completing the publication of Publication Notice no later than ninety (90) days after the date of the Court's Order granting preliminary approval of this settlement.  The costs of Publication Notice will be paid from the Settlement Fund.

   9.4  Settlement Call Center.

   The Claims Administrator shall designate a toll-free number for receiving calls related to the settlement ("Settlement Call Center").  Anyone may call the Settlement Call Center from anywhere in the United States to ask questions of the Claims Administrator about the settlement.  The Parties shall jointly resolve any dispute that may arise regarding the operation of the Settlement Call Center.  The Mail Notice and Website Notice shall include the toll-free number for the Settlement Call Center.  The Settlement Call Center shall be maintained from the date Mail Notice is provided through at least the next ninety (90) days.  Once this time period has expired, for a period of at least thirty (30) days, either a live person or a recording will advise any caller to the Settlement Call Center that the details regarding the settlement may be reviewed on the Settlement Website.

   10. **Claims Process**

   10.1  Potential Claimants

**Exhibit 1 08**

Each Class Member who does not timely and validly request exclusion from the settlement as required in this Settlement Agreement shall be a Class Member bound by this Settlement Agreement and Final Judgment to be entered following the hearing for final approval of the settlement. Each Class Member shall be entitled to make only one claim per cell phone number called by QC regardless of the number of calls received during the class period.

10.2    Valid Claim Forms

10.2.1. In order to receive a settlement payment pursuant to Section 4, a Class Member must submit a valid and timely claim form, substantially in the form attached hereto as side two of **Exhibit A** ("Claim Form"). A Claim Form is valid and timely if it: (a) includes the Class Member's full name and address; (b) includes the cellular telephone number called by QC during the Class Period; (c) is postmarked or submitted online by the last date of the 90-day "Claim Period," as specified in the Claim Form and on the Mail Notice and Website Notice, which will be one hundred and twenty (120) days following entry of the Preliminary Approval Order); (d) is correct and truthful; and (e) is not successfully challenged under Section 10.2.2 ("Valid Claim Form").

10.2.2  QC reserves the right, but not the obligation, to challenge a claim by submitting written objection to the Claims Administrator, with notice to Class Counsel and the Class Member making the claim. The Claims Administrator will provide QC's Counsel with copies of the Claim Forms to review on a weekly basis. The Claims Administrator shall have full and final authority to determine the validity of all claims based on the criteria set forth in the definition of "Valid Claim Form" at Section 10.2.1 of this Settlement Agreement.

## 11.    Right to Opt Out of Settlement

11.1    Class Members have the right to opt out and exclude themselves from the settlement by mailing a valid exclusion request ("Valid Exclusion Request") to the Claims Administrator. The Valid Exclusion Request must be postmarked on or before the Opt-Out and Objection Deadline specified on the Notice Forms, which is one hundred and thirty (130) days from the date the Court grants the Motion for Preliminary Approval. The Claims Administrator will provide copies of such exclusion requests to Class Counsel and counsel for QC promptly upon receipt.

11.2    The Valid Exclusion Request shall also: (1) be in writing; (2) include the name and number of this case, as well as the Class Member's name, address, and telephone number; and (3) be signed by the Class Member.

11.3    Except for those Class Members who have properly and timely mailed a Valid Exclusion Request, all Class Members will be bound by this Settlement Agreement and the Final Judgment to be entered following the hearing for final approval of the Settlement Agreement.

11.4    If 500 or more Class Members opt-out of the Settlement Agreement by timely submitting a Valid Exclusion Request, then QC, in its sole discretion, shall have the right to terminate the settlement. In the event that the settlement is terminated pursuant to this Section, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into as set forth in Section 17 below.

## 12.    Right to Object to Settlement

12.1    Any Class Member who intends to object to this Settlement Agreement must mail his or her objection(s) (the "Objection") in writing to the Court at:

**Exhibit 1 09**

Clerk of the Court
Southern District of California
Courtroom 4B
221 West Broadway
San Diego, CA 92101

and must mail a copy of the Objection to Class Counsel and QC's counsel at the following addresses:

Class Counsel
Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108

and

QC's Counsel
Rebecca J. Schwartz
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613

To be considered timely, an Objection must be postmarked on or before the Opt-Out and Objection Deadline specified on the Settlement Website, which is one hundred and thirty (130) days from the date the Court grants the Motion for Preliminary Approval.

12.2    Any Objection must set forth the name and case number of this matter, the objecting Class Member's name, address, telephone number and all arguments, citations and evidence supporting the Objection, and a statement concerning whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel. Additionally, the Objection shall include the name and case number for all other cases in which the Class Member has submitted an objection to a proposed class action settlement, whether any such objection to a proposed class action settlement was submitted on the Class Member's own behalf or on behalf of a represented third party. The Claims Administrator will provide to Class Counsel and QC's Counsel all copies of any objections mailed or otherwise transmitted to the Claims Administrator.

12.3    Any Class Member who fails to submit a timely Objection pursuant to this Section and as detailed on the Settlement Website shall have waived any right to object to the Settlement Agreement and shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

13.    **Right to Enter an Appearance**

On or before the date specified on the Settlement Website, which is one hundred and thirty (130) days after the date the Court grants the Motion for Preliminary Approval, a Class Member may enter an appearance through an attorney if he or she so desires. The Class Member is solely responsible for any fees, costs or expenses of his or her attorney.

**Exhibit 1 10**

## 14. Final Judgment

14.1    QC shall not be obligated to pay any sum pursuant to this Settlement Agreement except upon Final Judgment. However, in the event that Final Approval of this Settlement is not granted, QC will reimburse the Claims Administrator for reasonable costs incurred in administering the settlement, including but not limited to time spent to prepare documents and testimony in support of the Motion for Preliminary Approval or final approval motion.  Any appeal regarding the attorney's fees or costs or incentive payments to Stemple shall not affect other payments that are not the subject of such an appeal.

14.2    By entering Final Judgment, the Court shall:

14.2.1  Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Stemple and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

14.2.2  Certify the Class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes;

14.2.3  Find that the Notice Forms and the Notice Program implemented pursuant to the Settlement Agreement: (a) constitute the best practicable notice, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing, (c) constitute reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court;

14.2.4  Find that Class Counsel and Stemple adequately represented the Class for purposes of entering into and implementing the settlement;

14.2.5  Incorporate the Release set forth in Section 16 below, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

14.2.6  Bar and enjoin Stemple and all Class Members who have not been excluded from the Class from: (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action; and (b) organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

**Exhibit 1 11**

15.    **Payments Upon Final Judgment**

15.1    Within thirty (30) days of Final Judgment, the Claims Administrator shall pay to Class Counsel, from the Settlement Fund, any reasonable attorney's fees and costs awarded by the Court. However, in the event Final Judgment occurs prior to creation of the Escrow Account, such payment shall be made within thirty (30) days of creation of the Escrow Account. Class Counsel may request that attorneys' fees and costs be paid into a qualified settlement fund, pursuant to United States Treasury Reg. § 1.468B.

15.2    Within thirty (30) days of Final Judgment, incentive award shall be paid to Stemple from the Settlement Fund. However, in the event Final Judgment occurs prior to creation of the Escrow Account, such payment shall be made within thirty (30) days of creation of the Escrow Account.

15.3    Within thirty (30) days of Final Judgment, and after all attorney's fees and costs awarded to Class Counsel and all costs of claims administration have been paid out of the Settlement Fund, the Claims Administrator shall calculate the pro rata share that each Class Member who submitted a Valid Claim Form is entitled to receive and mail a settlement check to each Class Member who submitted a Valid Claim Form and who has a Valid Address equal to his or her pro rata share of the Settlement Fund. However, in the event Final Judgment occurs prior to creation of the Escrow Account, such payments shall be made within thirty (30) days of creation of the Escrow Account. The settlement checks to Class Members shall state on their face that the check will expire and become void if not cashed within ninety (90) days of the date of the check.

15.4    The settlement checks shall be sent via U.S. Mail to the addresses provided by Class Members who submitted a Valid Claim Forms. In the event a settlement check is returned to the Class Administrator as undeliverable, the Class Administrator shall attempt to identify a new Valid Address pursuant to the process described at Section 9.1.2 above or other reasonable means and shall re-send the settlement check if a valid address can be identified.

15.5    Any funds from uncashed settlement checks, including settlement checks to Class Members who submitted Valid Claim Forms but whose current Valid Address could not ultimately be determined, shall be delivered to a *cy pres* recipient selected by the parties and approved by the Court.

16.    **Release Upon Final Judgment**

16.1    Stemple and each Class Member, (other than those persons who have timely and properly filed an Exclusion Request), on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge QC and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors and all of their respective former, present and future officers, directors, shareholders, employees, servants, agents, attorneys, representatives, independent contractors and vendors (collectively the "Released Parties") from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, to the date hereof, arising out of, relating to, or in connection with, the Action and the administration of this settlement.

16.2    Each Party acknowledges that it/he may hereafter discover facts different from, or in addition to, those which it/he now claims or believes to be true with respect to the

**Exhibit 1 12**

claims released herein, and agrees that this Settlement Agreement shall remain effective in all respects notwithstanding the discovery of such different, additional or unknown facts. The Parties hereby expressly waive any rights they may have under California Civil code Section 1542 or any other similar statute of any other state.

      16.3    In entering into this Settlement Agreement, each Party assumes the risk of any misrepresentation, concealment or mistake. If either Party should discover subsequent to Final Judgment that any fact relied upon by it/him in entering into this Settlement Agreement was untrue, or that any fact was concealed from it/him, or that its/his understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement. This Settlement Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

## 17.    Effect of Court's Denial of Preliminary or Final Approval of Settlement

      There is no settlement if the Court does not preliminarily approve the settlement or finally approve the settlement in substantially the same form as set forth herein, or if the settlement or the judgment approving the settlement is appealed and not approved on appeal in substantially the same form as set forth herein. In such event, (a) this Settlement Agreement is terminated and is of no force and effect and no party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the settlement, certifying the Class, approving the Notice Forms or Notice Program, and providing notice to the Class shall be vacated; (c) the Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Settlement Agreement was fully executed; and (e) neither the settlement nor any of its provisions or the fact that this Settlement Agreement has been made shall be admissible in this Action or in any other action for any purpose whatsoever.

## 18.    Representations and Warranties

      Each of the Parties to this Settlement Agreement acknowledges, represents, warrants and/or agrees as follows:

      18.1    <u>Assignment of Claims</u>.

      He/It has not hereto assigned, transferred or granted, or purported to assign, transfer, or grant, any of the claims, demands and cause(s) of action disposed of by this Settlement Agreement.

      18.2    <u>Legal Advice</u>.

      He/It has had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Settlement Agreement and all other matters contained herein, including the waiver of rights under California Civil Code section 1542 or any other similar statute of any other state.

      18.3    <u>Investigation</u>.

      He/It has been represented in the negotiations for, and in preparation of, this Settlement Agreement by counsel of his/its choice; he/it has read this Settlement Agreement and has had it fully explained to them by such counsel to the extent necessary; and that he/it is fully

**Exhibit 1  13**

aware of the contents of this Settlement Agreement and of the legal effect of each and every provision thereof.  He/It has made such investigation of the facts pertaining to this Settlement Agreement and of all of the matters pertaining thereto as it deems necessary.

18.4    Authority and Capacity to Execute Settlement Agreement.

The person executing this Settlement Agreement on his/its behalf has full authority and capacity to execute this Settlement Agreement and to give the releases and other promises contained herein.

## 19.    No Admission of Liability

This Settlement Agreement affects the settlement of claims that are denied and contested, and nothing contained herein shall be construed as an admission by QC of any liability of any kind.  QC denies any liability in connection with any such claims and intends merely to avoid further litigation of the Action.

## 20.    Return of Confidential Documents

Within thirty-five (35) days of Final Judgment, the original and all copies of all confidential or highly confidential documents and/or information subject to the Protective Order entered in this Action shall be returned to the designating party or destroyed with a certification that no copies have been retained or that all copies have been destroyed by the receiving party.

## 21.    No Publicity Beyond Notice Procedure

Neither Class Counsel nor Stemple will issue press releases or make other public statements regarding the settlement unless QC agrees to such press releases or public statements in advance.  However, Class Counsel may post Court orders regarding the Action and brief summaries of those orders on their website/s without permission from QC, so long as any reference in such order(s) to materials subject to the Protective Order in the Action is properly redacted.  Neither Class Counsel nor Stemple will make a statement of any kind to any third party regarding the settlement prior to applying for preliminary approval, with the exception of communications with the Claims Administrator.  The Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the settlement.  This provision shall not prohibit Class Counsel from communicating with any Class Member regarding the Action or the settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action in communicating with Class Members and will not disclose information that is not a part of the public record.

## 22.    Choice of Law and Jurisdiction

This Settlement Agreement is being executed in the State of California, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

## 23.    Construction of Agreement

Each Party has participated in the drafting and preparation of this Settlement Agreement. Hence, in construing this Settlement Agreement, none of the Parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such Party solely by reason of such Party having drafted the same, as a result of the manner of the preparation of this Settlement Agreement, or otherwise.  Each term and provision of this Settlement Agreement shall be construed and interpreted so as to render it enforceable.  In

**Exhibit 1 14**

the event any provision of this Settlement Agreement is held to be illegal or unenforceable, the remainder of this Settlement Agreement shall be binding and enforceable.

### 24.     Headings or Pronouns

Headings or captions contained in this Settlement Agreement are solely for the convenience of the Parties, are not a part of this Settlement Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Settlement Agreement or any provision hereof.  Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa.

### 25.     Entire Agreement

This Settlement Agreement contains the entire agreement and understanding between the Parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the Parties related hereto are superseded.  No representations, oral or otherwise, express or implied, other than those specifically referred to in this Settlement Agreement, have been made by any party hereto.

### 26.     Waiver, Modification and Amendment

No provision of this Settlement Agreement may be waived unless in writing signed by all Parties hereto.  Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof.  This Settlement Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by all Parties.

### 27.     Successors and Assigns

This Settlement Agreement is binding upon, and shall inure to the benefit of, the Parties hereto and their respective successors, assigns, heirs, agents, employees, attorneys, representatives, officers, parents, affiliates, and subsidiaries.

### 28.     Execution in Counterparts

This Settlement Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all Parties.

### 29.     Further Cooperation

The Parties hereto agree to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Settlement Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Settlement Agreement.

### 30.     Notices

All letters, notices, requests, demands and other communication required or permitted to be given to the parties pursuant to this Settlement Agreement, excluding communications directed to Class members, shall be in writing and addressed as follows:

**Exhibit 1 15**

For Named Plaintiff
and the Class:

      Joshua B. Swigart, Esq.
      Hyde & Swigart
      2221 Camino Del Rio South, Suite 101
      San Diego, CA 92108

      Abbas Kazerounian, Esq.
      Kazerouni Law Group, APC
      245 Fischer Avenue, Suite D1
      Costa Mesa, CA 92626

For QC:

      Rebecca J. Schwartz, Esq.
      Shook, Hardy and Bacon L.L.P.
      2555 Grand Boulevard
      Kansas City, MO 64108

      Ruth Segal
      Lynberg and Watkins
      888 South Figueroa Street, Suite 1600
      Los Angeles, CA 90017-2516

    IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of the dates set forth below.

DATED: 12/17/15 _____
                    PAUL STEMPLE, as an Individual
                    and as Class Representative

DATED: _____
                    QC HOLDINGS, INC.

                    By_____
                    Name:
                    Title:

**Exhibit 1 16**

For Named Plaintiff
and the Class:

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108

Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

For QC:

Rebecca J. Schwartz, Esq.
Shook, Hardy and Bacon L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

Ruth Segal
Lynberg and Watkins
888 South Figueroa Street, Suite 1600
Los Angeles, CA 90017-2516

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be
executed as of the dates set forth below.

DATED: _____

PAUL STEMPLE, as an Individual
and as Class Representative

DATED: _12 · 1 8 · 1 5_

QC HOLDINGS, INC.

By _Matt J. Will_
Name: _Matt W. Hanser_
Title: _General Counsel_

- 16 of 17 -

**Exhibit 1 17**

APPROVED AS TO FORM AND CONTENT

DATED: _____        HYDE & SWIGART


                                       By_____
                                       Joshua B. Swigart, Attorneys for Plaintiff
                                       Paul Stemple



DATED: __12/17/15_____         KAZEROUNI LAW GROUP, APC


                                       By_____
                                       Abbas Kazerounian, Attorneys for Plaintiff
                                       Paul Stemple



DATED: _____        LAW OFFICES OF TODD M. FRIEDMAN, P.C.


                                       By_____
                                       Todd M. Friedman, Attorneys for Plaintiff
                                       Paul Stemple

**Exhibit 1 18**

APPROVED AS TO FORM AND CONTENT

DATED: _____        HYDE & SWIGART

                              By_____
                              Joshua B. Swigart, Attorneys for Plaintiff
                              Paul Stemple


DATED: _____        KAZEROUNI LAW GROUP, APC


                              By_____
                              Abbas Kazerounian, Attorneys for Plaintiff
                              Paul Stemple


DATED: _____        LAW OFFICES OF TODD M. FRIEDMAN, P.C.


                              By_____
                              Todd M. Friedman, Attorneys for Plaintiff
                              Paul Stemple

- 17 of 17 -

**Exhibit 1 19**

<u>APPROVED AS TO FORM AND CONTENT</u>

DATED: _____          HYDE & SWIGART

                                 By_____
                                 Joshua B. Swigart, Attorneys for Plaintiff
                                 Paul Stemple


DATED: _____          KAZEROUNI LAW GROUP, APC

                                 By_____
                                 Abbas Kazerounian, Attorneys for Plaintiff
                                 Paul Stemple


DATED: 12|18|15                  LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                                 By_____
                                 Todd M. Friedman, Attorneys for Plaintiff
                                 Paul Stemple

**Exhibit 1 20**

# EXHIBIT A

Exhibit 1 21

<u>LEGAL NOTICE OF PROPOSED CLASS ACTION</u>
<u>SETTLEMENT AND FAIRNESS HEARING</u>

*Stemple v. QC Holdings*
Claims Administrator
P.O. Box XXXXXX
XXXXXXXXX, XX XXXXXX

First-Class
Mail
US Postage
Paid
Permit #___

**If you received a telephone call from QC Holdings on your cell phone that was made using an automated dialer or artificial or prerecorded voice between August 13, 2008 and August 13, 2012 without your consent, you may be entitled to get a cash payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

File your Claim on or before
XXXX, XX, 201X at
www.XXXXXX.com
or 1- XXX-XXX- XXXX.

«Barcode»
Postal Service: Please do not mark barcode

Claim #: CYC- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

XXX

Carefully separate this Claim Form post card at the perforation

«Barcode» Claim #: XXX-«ClaimID»    «First1» «Last1»    ╋

You may be eligible for a cash payment from this class action settlement. To complete this Claim Form, provide the cell phone number called by QC Holdings using an automated dialer or artificial or prerecorded voice between August 13, 2008 and August 13, 2012, **sign** and **date** the form and mail it by XXXX XX, 201X.

**<u>Cellular Number (Required):</u>  (___ ___ ___) − ___ ___ ___ − ___ ___ ___ ___**

I affirm that my cellular telephone number was called by QC Holdings without consent between August 13, 2008 and August 13, 2012.

Signature: _____   Date (mm/dd/yyyy): _____

Mail this Claim Form on or before **XXXX XX, 201X**.

 «ClaimID»    XXXCRD1

**Exhibit 1 22**    ╋

A Settlement has been reached with QC Holdings ("Defendant") in a class action lawsuit claiming it violated the Telephone Consumer Protection Act ("TCPA") by calling non-customers on their cell phones with an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice for debt collection purposes between August 13, 2008 and August 13, 2012 ("class period") without their prior express consent. The court did not decide in favor of Plaintiff or QC Holdings. Defendant denies any violation. However, to settle the case, Defendant will provide a Settlement Fund of $1,500,000.

QC Holdings' records indicate that you may be included in the Settlement as a Settlement Class Member because it called you on your cell phone using an ATDS or artificial or prerecorded voice during the class period and you were not a QC Holdings customer at the time.

People receiving this Notice are entitled to make a claim for a cash payment from this Settlement. To receive a payment you must complete and mail the attached Claim Form by XXXX, XX, 201X. Claims may also be submitted: online at www.XXXXXX.com; downloaded from www.XXXXXX.com, printed and mailed to the Claims Administrator; or by calling 1- XXX-XXX- XXXX. If the Court approves the Settlement, people who submit a valid Claim Form will be paid an equal distribution from the Settlement Fund—after deducting the costs of litigation, notice, claims administration, attorneys' fees and incentive award—depending on the number of Claims submitted. Payment amounts will vary based on the total number of valid Claim Forms received. The Class is believed to consist of 31,230 Settlement Class Members. Potential damages under the TCPA are $500 for each negligent violation and up to $1,500 for each willful violation, plus injunctive relief. This Settlement provides less money than what you may receive if you were to file your own lawsuit against Defendant.

If you do not want to be legally bound by the Settlement or receive a payment from it, you must exclude yourself from it by XXXX, XX, 201X. Unless you exclude yourself, you will be bound by the terms of this Settlement Agreement, including but not limited to, its release. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or you may ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you do not have to. Objections and requests to appear are due by XXXX XX, 201X. More information is in the detailed notice and Settlement Agreement available at www.XXXXXX.com.

The court will hold a Fairness Hearing on XXXX, XX, 201X, at X:XX a.m. at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, in Courtroom 4B to decide whether to approve: (1) the Settlement, (2) attorneys' fees of up to 30% of the $1,500,000 Settlement Fund, and costs of up to $50,000, and (3) a $5,000 payment to the Class Representative (Paul Stemple).

_____

_____

_____

## XXX

First-Class
Postage
Required

*Stemple v. QC Holdings*

Claims Administrator

P.O. Box XXXXX

XXXXXXXX, XX XXXXX-XXXX

**Exhibit 1 23**

# EXHIBIT B

**Exhibit 1 24**

Stemple v. QC Holdings, Inc.
3:12-cv-01997-BAS-WVG (S.D. Cal)
United States District Court
Southern District of California
[www._____.com]

Frequently Asked Questions

**1.** *Why did I get a postcard?* ...............................................................Page 1

**2.** *What if I did not get a postcard?* ....................................................Page 2

**3.** *What is this lawsuit about?* .............................................................Page 2

**4.** *Are you included in the Settlement class?* ......................................Page 2

**5.** *What are the terms of the Settlement?* ...........................................Page 2

**6.** *How can I make a claim for monetary payment?* .........................Page 3

**7.** *What is the deadline to submit a claim?* ........................................Page 3

**8.** *When would I get my payment?* .......................................................Page 3

**9.** *In return for Settlement benefits, what am I giving up?* ...............Page 3

**10.** *How do I get out of the Settlement?* ..............................................Page 4

**11.** *If I do not exclude myself, can I sue Defendant for the same thing later?*...................Page 4

**12.** *Do I have a lawyer in this case?* ...................................................Page 4

**13.** *How will the lawyers be paid?* .......................................................Page 4

**14.** *How do I tell the Court that I do not like the Settlement?* .............Page 4

**15.** *What is the difference between "objecting" and "excluding" yourself?* .....................Page 5

**16.** *When and where is the fairness hearing?* .....................................Page 5

**17.** *Do I have to attend to the hearing?* ...............................................Page 5

**18.** *What if I do nothing at all?* ...........................................................Page 5

**19.** *Are there more details about the Settlement?* ..............................Page 6

**Appendix** ..........................................................................................Page 7

**1.** *Why did I get a postcard?*

QC Holdings, Inc.'s ("QC" or "Defendant") records indicate that although you are a non-customer, you may have been called on a cell phone, either with an automated telephone dialing system or

**Exhibit 1 25**

by an artificial or prerecorded voice message, by QC without your consent between August 13, 2008 through August 13, 2012 (the "Class Period"). QC's records list the cell phone numbers that were called during the Class Period, but do not necessarily include the names of the persons associated with the cell phone numbers that were called. Therefore, the postcard notice has been sent to all persons associated with accounts with cell phone numbers that were called during the Class Period. If you believe you may have been called on your cell phone number by QC during the Class Period, you may contact the Claims Administrator to confirm whether your cell phone number was called. If your cell phone number matches one of the cell phone numbers called by QC, you may be entitled to receive a payment. If your cell number was not called during the Class period, you are not eligible to make a claim.

### 2. *What if I did not get a postcard?*

If you did not receive a postcard regarding the class action Settlement in this case, it is likely because QC does not have address information for you, or the address information is incomplete or inaccurate. However, if your cell phone number was called by QC during the Class Period, you may still contact the Claims Administrator to confirm whether you are eligible to make a claim under the terms of the current settlement. If your cell phone number matches one of the cell phone numbers called by QC, you may be entitled to receive a payment. If your cell number was not called during the Class period, you are not eligible to make a claim.

### 3. *What is this lawsuit about?*

Paul Stemple ("Stemple"), the Plaintiff in this lawsuit, alleges that QC, the defendant in this lawsuit, violated the Telephone Consumer Protection Act ("TCPA") by calling non-customers on their cell phones for debt collection purposes with either an automated telephone dialing system or by an artificial or prerecorded voice message, without the person's prior express consent. The lawsuit is entitled *Stemple v. QC Holdings, Inc.*, case no. 3:12-cv-01997-BAS-WVG (Southern District of California) (the "Action"). The TCPA provides that a plaintiff may seek statutory damages of up to $500 for each call placed, or up to $1,500 for each call placed willfully. QC denies that it violated the TCPA. This settlement provides class members less than what they might have received if they succeeded in taking an individual case to judgment against QC. Also, the TCPA does not provide for the recovery of attorneys' fees. Prior to settlement, this Action was certified as a class action covering only class members in California. The settlement covers class members called nationwide by Defendant.

### 4. *Are you included in the Settlement class?*

Those persons in the Settlement class (the "Settlement Class Members" or "Class Members") are defined in the Settlement Agreement as:

> All persons or entities within the United States whose 10-digit cellular telephone numbers were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a customer loan application produced to Defendant, and who were called by Defendant using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

### 5. *What are the terms of the settlement?*

The Court did not decide in favor of either side. Instead, both sides have voluntarily agreed to a settlement before any trial, which provides for several benefits:

"Settlement Fund" means an all-in, non-reversionary payment of One Million Five Hundred Thousand Dollars ($1,500,000.00). The Settlement Fund shall pay for: (1) notice and Settlement administration costs, (2) attorneys' fees and costs to Class Counsel, as approved by the Court, (3) an incentive award, if any, to named Plaintiff (Paul Stemple), and (4) Class recovery on a pro rata basis to Class Members who submit a Valid Claim Form. An exact estimated pro rata distribution amount paid per class member is determinate based on the number of claims filed. The estimated class size is 31,230

---

**Exhibit 1 26**

persons.   If all class members filed a valid and timely claim, each class member would receive approximately $26.04.   Based on statistical claims rate, it is Class Counsel's best estimate that each claiming class member will receive between $868.08 and $1,302.12.

**6. *How can I make a claim for monetary payment?***

You may make a claim for monetary payment in two ways:

(1)  Submitting a claim online at the website: www.⬛⬛⬛⬛⬛.com; or

(2)  Submitting a claim in writing by completing the claim form received by mail or downloaded from the settlement website and mailing the completed claim form to the Claims Administrator by the Claims Deadline.

You must include your:
a.   name;
b.   claim number, if you received a postcard sent to you about the Settlement;
c.   cell phone number on which you may have been called; and,
d.   current address for receipt of the Settlement payment, if different from the postcard notice address.

After your claim is submitted, if the Claims Administrator, KCC, determines that your cell phone number is on the list of those called by QC, your claim will be processed. Only one claim may be submitted per cellular telephone number called by Defendant. If the Claims Administrator determines that your cell phone number is not on the list of those called by QC, or if your claim is incomplete, you will receive a deficiency notice from the Claims Administrator.

Claim forms submitted by mail must be sent to the following address:

QC Holdings Settlement
KCC Class Action Services, LLC
P.O. Box [XXX]
El Segundo, CA 90245

**7. *What is the deadline to submit a claim?***

All calls or online claims must be made on or before close of business [date].  If you submit your claim by mail, your claim must be **postmarked** on or before this date.

**8. *When would I get my payment?***

The Court will hold a Final Approval or Fairness Hearing on _____, 20__, which may be rescheduled by the Court, to decide whether to grant final approval of the Settlement.  If Judge Bashant grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty days from the date of the ruling, or it will become final on the date of entry of the ruling if there is no person with standing to appeal. The Claims Administrator will attempt to pay all claims within 30 days of the date an escrow account is created to fund the Settlement by Defendant, which is no later than six months after the Court issues a final approval order.  Also, there may be appeals.  If so, the approval order does not take effect until those appeals are resolved.  It is always uncertain whether and when appeals would be resolved, and payment under this Settlement cannot be made until the approval order is final.

**9. *In return for Settlement benefits, what am I giving up?***

The full terms of this Release are contained in the Settlement Agreement available here, on the settlement website, or at the public court records on file in this lawsuit. You will release (give up) the right

**Exhibit 1 27**

to sue QC and its subsidiaries for any claims that arise out of or relate in any way to the facts alleged in this case, including the allegation that QC called your cellular telephone number with an automatic telephone dialing system or prerecorded voice message without your prior express consent, during the Class Period. Individual calls that violate the TCPA could be worth up to $500 for negligent violation and $1,500 for willful violations. It also means that all of the Court's orders will apply to you and legally bind you. By staying in the Class, you agree to release any claims, known and unknown, arising from the facts alleged in this lawsuit. The full text of the Release of Claims sections of the Settlement Agreement are set forth in the Appendix at the end of this Notice on page 7.

You are releasing those "Released Claims" against the "Released Parties", which means you release QC and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors and all of their respective former, present and future officers, directors, shareholders, employees, servants, agents, attorneys, representatives, independent contractors and vendors (collectively the "Released Parties") from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, to the date hereof, arising out of, relating to, or in connection with, the Action and the administration of this settlement.

### 10. *How do I get out of the Settlement?*

If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue QC on your own, then you must take steps to get out of the Settlement. This is called "excluding yourself" from, or "opting out" of, the Class.

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in *Stemple v. QC Holdings, Inc.*, case no. 3:12-cv-01997-BAS-WVG (S.D. Cal.). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than ▒▒▒▒▒▒, 20__ to the Claims Administrator at the following address:

QC Holdings Settlement
KCC Class Action Services, LLC
P.O. Box [XXX]
El Segundo, CA 90245

You cannot exclude yourself by telephone or by email. If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You also will not be legally bound by anything that happens in the Action.

### 11. *If I do not exclude myself, can I sue Defendant for the same thing later?*

No.

### 12. *Do I have a lawyer in this case?*

The Court appointed the law firms of Kazerouni Law Group, APC, Hyde & Swigart, and the Law Offices of Todd M. Friedman, P.C. to represent you and other Settlement Class Members. Their contact information is below. These lawyers are called Class Counsel. If you want your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

### 13. *How will the lawyers, class representative and administrator be paid?*

At the final approval hearing Class Counsel will seek attorneys' fees that will not exceed 30% of the $1,500,000 maximum settlement amount and actual litigation costs not to exceed $50,000. In addition, Class Counsel will seek a service award not to exceed $5,000 for Plaintiff Paul Stemple (the Class Representative), and class notice and administrative costs estimated at $181,695.

### 14. *How do I tell the Court that I do not like the Settlement?*

**Exhibit 1 28**

If you are a Settlement Class Member, and you want to object to the settlement if you do not like any part of it, the deadline to object is ▓▓▓▓▓▓▓▓.  To object, you must send a letter saying that you object to the settlement in *Stemple v. QC Holdings, Inc.*, case no. 3:12-cv-01997-BAS-WVG (S.D. Cal.).  Be sure to include your name, address, telephone number, your signature, the reason/s you object to the Settlement and any supporting documents.  Mail the objection to each of the following addresses no later than ▓▓▓▓▓▓▓▓, 20__.

|  | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk of the Court | HYDE & SWIGART | SHOOK HARDY & BACON LLP |
| U.S. District Court | Joshua B. Swigart, Esq. | Rebecca J. Schwartz, Esq. |
| Southern District of California | 2221 Camino Del Rio South | 2555 Grand. Blvd. |
| 21 West Broadway, Ste. 4145 | Suite 101 | Kansas City, MO 64108 |
| San Diego, CA 92101 | San Diego, CA 92108 | |

You may also ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Stemple v. QC Holdings, Inc.*, case no. 3:12-cv-01997-BAS-WVG (S.D. Cal.)."  Be sure to include your name, address, telephone number, and your signature.  **Your Notice of Intention to Appear must be postmarked no later than ▓▓▓▓▓▓▓▓, 20__, and be sent to the Clerk of the Court, Class Counsel and Defense Counsel at the above addresses.**

You cannot object or speak at the hearing if you "excluded yourself" from the Class.

### 15. *What is the difference between "objecting" and "excluding" yourself?*

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class, which you must do if you want to file your own lawsuit against Defendant.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### 16. *When and where is the fairness hearing?*

The Court will hold a final fairness hearing at ▓▓▓▓▓▓▓▓.m. on ▓▓▓▓▓▓▓▓, 20__ at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 4B, before the Honorable Cynthia Bashant.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  If anyone has asked in advance to speak at the hearing, Judge Bashant will listen to them at that time.  The Court will decide after the hearing whether to approve the Settlement as fair and reasonable, to give final approval to the amount of attorneys' fees and costs of notice and claims administration to be paid from the Settlement Fund, and to the incentive payment from the Settlement Fund to be provided to the Class representative for bringing and litigating this Action.  We do not know how long these decisions will take.

### 17. *Do I have to come to the hearing?*

No.  Class Counsel will answer questions Judge Bashant may have that are directed to the Class.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.

### 18. *What if I do nothing at all?*

If you do nothing, you will be part of the Class and you will receive the benefits detailed above, including the monetary payment if you make a valid and timely claim.

You will also be precluded from being part of any other lawsuit against QC or any other released party relating to the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

**Exhibit 1 29**

**19.** ***Are there more details about the Settlement?***

      This Notice summarizes the proposed Settlement, and more details are in a Settlement Agreement, which can be downloaded [*here*] and is part of the Court's file, a public record.  Many of the court papers, including the Settlement Agreement, are also posted on the Settlement website www._____ .com.  You can get a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case, *Stemple v. QC Holdings, Inc.,* case no. 3:12-cv-01997-BAS-WVG (S.D. Cal.) at the Clerk's office at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 4B. The clerk's office has the ability to make copies of any such public documents for you.  Also, all filed (and unsealed) documents in the case, including the Settlement documents, are available for viewing online for a fee through the Court's PACER document review system.  You may contact the Claims Administrator toll-free at _____ or by writing the Claims Administrator at the address indicated above on page 4.

Important Dates

| Date: | Deadline: |
|---|---|
| Deadline to submit claim | |
| Deadline to opt-out | |
| Deadline to object | |
| Final Fairness Hearing | |

Your Options
- To participate in the Settlement, download a [*claim form*]

**Exhibit 1 30**

# Appendix

"Stemple and each Class Member, (other than those persons who have timely and properly filed an Exclusion Request), on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge QC and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors and all of their respective former, present and future officers, directors, shareholders, employees, servants, agents, attorneys, representatives, independent contractors and vendors (collectively the "Released Parties") from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, to the date hereof, arising out of, relating to, or in connection with, the Action and the administration of this settlement.

Each Party acknowledges that it/he may hereafter discover facts different from, or in addition to, those which it/he now claims or believes to be true with respect to the claims released herein, and agrees that this Settlement Agreement shall remain effective in all respects notwithstanding the discovery of such different, additional or unknown facts.  The Parties hereby expressly waive any rights they may have under California Civil code Section 1542 or any other similar statute of any other state.

In entering into this Settlement Agreement, each Party assumes the risk of any misrepresentation, concealment or mistake.  If either Party should discover subsequent to Final Judgment that any fact relied upon by it/him in entering into this Settlement Agreement was untrue, or that any fact was concealed from it/him, or that its/his understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement.  This Settlement Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

**Exhibit 1 31**

# EXHIBIT C

Exhibit 1 32

<u>LEGAL NOTICE</u>

**If you received a call on your cell phone from QC Holdings, Inc. made using an automatic telephone dialing system or an artificial or prerecorded voice without your consent, you may be entitled to receive a payment and your rights may be affected by this class action settlement.**

A Settlement has been reached in a class action lawsuit alleging that QC Holdings, Inc. ("Defendant") violated the Telephone Consumer Protection Act ("TCPA") by calling non-customers' cell phone numbers using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice for debt collection purposes between August 13, 2008 and August 13, 2012, without prior express consent. The Court did not decide in favor of Plaintiff or Defendant. Defendant denies any violation or liability. To settle the case, Defendant will provide a Settlement Fund of up to $1,500,000. The case is known as *Stemple v. QC Holdings, Inc.*, Case No. 3:12-cv-01997-BAS-WVG (S.D. Cal.).

The "Settlement Class" includes all non-customers of Defendant whose cellular telephone numbers were called by Defendant for debt collection purposes using an ATDS or an artificial or prerecorded voice, without consent, from August 13, 2008 through August 13, 2012.

Subject to final Court approval, each Settlement Class Member who received one of these calls and submits a valid Claim Form will be paid an equal distribution from the Settlement Fund—after deducting the costs of litigation, notice, claims administration, attorneys' fees and incentive award. Payment amounts to Settlement Class Members will vary based on the total number of valid Claim Forms received. The Settlement Class is believed to consist of approximately 31,230 Settlement Class Members. Potential damages under the TCPA are $500 for each negligent violation and up to $1,500 for each willful violation. To make a claim, go to www.XXXXXXX.com, or download and print a Claim Form from www.XXXXXXX.com and mail it to Stemple Settlement Claims Administrator, P.O. Box [XXXX], Providence, RI #####-####]. Claim Forms are due by [**Month 00, 0000**].

If you do not want to be a part of the Settlement, you must exclude yourself by writing to the Claims Administrator postmarked no later than [**Month 00, 0000**]. Unless you exclude yourself, you will be bound by any final judgment in the action, including the release of Defendant from any claims arising out of or related to this Settlement.

If you want to object to the Settlement, you must send an objection with: (1) U.S. District Court, Courtroom 4B, 221 West Broadway, San Diego, CA 92101; (2) Joshua B. Swigart, Hyde & Swigart, 2221 Camino Del Rio South, Suite 101, San Diego, CA 92108; and (3) Rebecca J. Schwartz, Shook, Hardy and Bacon, 2555 Grand Boulevard, Kansas City, MO 64108, postmarked no later than [**Month 00, 0000**].

At your own expense, you may have your own lawyer appear in Court for you if you like. If you hire your own lawyer, that lawyer must send a Notice of Intention to Appear postmarked no later than [**Month 00, 0000**] to all three addresses above.

The Court has scheduled a Fairness Hearing for [Month 00, 0000], at [__:__ _.m.], in Courtroom 4B of the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101 to decide: (1) whether to approve the Settlement; (2) Class Counsel's request for fees of up to 30% of the $1,500,000 Settlement Fund and costs up to $50,000; and (3) a $5,000 payment to the Class Representative (Paul Stemple). Upon final approval, the action will be dismissed with prejudice and the Settlement Class Members who do not request exclusion will be deemed to release Defendant as detailed in the Settlement Agreement (available at www.XXXXXXX.com).

For more information: www.XXXXXXX.com or call 1-XXX-XXX-XXXX.

**Exhibit 1 33**

# EXHIBIT D

Exhibit 1 34

1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PAUL STEMPLE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>             **PLAINTIFF,**<br><br>**V.**<br><br>**QC HOLDINGS, INC.,**<br><br>             **DEFENDANT.** | **Case No.: 12-cv-01997-BAS-WVG**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF NATIONWIDE CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**JUDGE**: Hon. Cynthia Bashant |

**Exhibit 1 35**

Plaintiff Paul Stemple ("Mr. Stemple" or "Plaintiff") filed a Motion for Preliminary Approval of Nationwide Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action"). The Preliminary Approval Motion was unopposed by defendant QC Holdings, Inc. ("QC Holdings" or "Defendant").

The Court has read and considered the Settlement Agreement, the Preliminary Approval Motion, and the record in this case.

NOW, THEREFORE IT IS HEREBY ORDERED:

I.   JURISDICTION:  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.  All capitalized terms used herein have the meanings defined herein and / or in the Settlement Agreement.

II.  PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:  The Court preliminarily finds that the settlement of the Action on the terms and conditions set forth in the Settlement Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Settlement Class Members, taking into consideration the benefits to Settlement Class Members; the strength and weaknesses of Plaintiff's case that was previously certified as a California class action; the complexity, expense and probable duration of further litigation; and the risk inherent at trial.  The Court finds that notice of the settlement should be given to persons in the Settlement Class as defined in the Settlement Agreement and a full hearing should be held on approval of the settlement.

III. CAFA NOTICE:  In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and as set forth in the Settlement Agreement, QC Holdings is ordered to serve written notice of the proposed settlement on the U.S. attorney general and the attorney general of each state, unless written notice has already been served by QC Holdings.

IV.   <u>SETTLEMENT CLASS MEMBERS</u>:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a nationwide class action on behalf of the following Settlement Class Members:

> All persons or entities within the United States whose 10-digit cellular telephone numbers were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a customer loan application produced to Defendant, and who were called by Defendant using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

V.   <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: For purposes of the Court considering preliminary approval, the Court appoints Plaintiff Paul Stemple as the Class Representative, and Joshua B Swigart of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. as Class Counsel.

VI.   <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form and method of class notice set forth in the Settlement Agreement.  Within ten (10) days of this order, QC Holdings shall provide a list of cellular telephone numbers for the Settlement Class Members and all available contact information for the Settlement Class Members who can be identified from its databases to the Claims Administrator, Kurtzman Carson Consultants LLC ("KCC"), and Class Counsel. KCC shall mail a postcard-type notice (the "Mail Notice") to each known Settlement Class Member at their last known address as provided by QC Holdings, or obtained through a reverse phone number lookup where necessary. Any mailed notices that are returned as

**Exhibit 1 37**

non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. The postcard and the published notice shall reference a website established for this settlement, and that website shall contain the full details of the settlement and permit the filing of claims on the website. The mailed and published notices shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the settlement and also make a claim over the telephone. At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Settlement Agreement. The Court finds that the form and method of notice set forth in the Settlement Agreement satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances.

VII. THE SETTLEMENT AND CLAIMS PROCESS: The Court preliminarily approves the $1,500,000.00 settlement fund ("Settlement Fund") as fair, reasonable and adequate for Settlement Class Members. The Court preliminarily approves the process set forth in the Settlement Agreement for reviewing, approving and paying claims from the Settlement Fund on a pro rata basis, after deducting claims administration costs, attorneys fees, litigation costs, and any incentive payment (the "Settlement Costs"). To be considered valid, claim forms must be submitted online or postmarked within one hundred and twenty (120) days from the date of this order.

VIII. CLASS CERTIFICATION: The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

IX. EXCLUSIONS: Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than ten (10) days after the last

date to file claims.  The Claims Administrator's address shall be provided in the notice mailed to the Settlement Class Members and also shall be posted on the website.   The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the Final Approval Hearing. A copy of that list will be filed with the Motion for Final Approval of the Class Action Settlement. To be effective, a written request for exclusion must contain the Settlement Class Member's full name and address and be signed by the Settlement Class Member.  The request must also state generally that the person wishes to be excluded from the Settlement. Any Settlement Class Member who submits a valid and timely request for exclusion shall not be a member of the settlement, and shall not be bound by the Settlement Agreement or any judgments in this action.

X.   OBJECTIONS:  Any Settlement Class Member who intends to object to the fairness of the settlement must file a written objection with the Court, at United States District Court, Southern District of California, 221 West Broadway, Suite 4145, San Diego, CA 92101, no later than ten (10) days after the last date to file claims.  Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses are contained in the Settlement Agreement and shall be set forth in the website's notice advising the Settlement Class Members about the right to object.

XI.   To be considered, the written objection must be signed by the Settlement Class Member and state: the Settlement Class Member's full name, address and telephone number, the reasons for the objection, and whether the objector intends to appear at the Final Approval Hearing on their own behalf or through counsel.  Further, the Objection shall include the name and case

number for all other cases in which the Settlement Class Member has submitted an objection to a proposed class action settlement, whether any such objection to a proposed class action settlement was submitted on the Settlement Class Member's own behalf or on behalf of a represented third party.

XII.   Any Settlement Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the settlement by appeal or otherwise.

XIII.   <u>FINAL APPROVAL HEARING</u>:   The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on _____, 2016, at ____, at 221 West Broadway, Courtroom 4B, San Diego, CA 92101.   The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Settlement Class Members.   At the hearing, the Court will consider the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment on a nationwide basis for settlement purposes under Fed. R. Civ. P 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

C. Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D. Such other issues as the Court deems appropriate.

XIV. Attendance at the Final Approval Hearing is not necessary.   Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.   However, Settlement

Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

XV.   If the Settlement Agreement is not finally approved for any reason, then this order shall be vacated, the Settlement Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

XVIII. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____      _____

THE HON. CYNTHIA BASHANT
U.S. DISTRICT COURT JUDGE

# EXHIBIT E

**Exhibit 1 42**

1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

14
15

| | |
|---|---|
| **PAUL STEMPLE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>          **PLAINTIFF,**<br>**V.**<br><br>**QC HOLDINGS, INC.,**<br><br>          **DEFENDANT.** | **Case No.: 12-cv-01997-BAS-WVG**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>**JUDGE**: Hon. Cynthia Bashant |

16
17
18
19
20
21
22
23
24
25
26
27
28

In December of 2015, plaintiff Paul Stemple ("Mr. Stemple" or "Plaintiff") and defendant QC Holdings, Inc. ("QC Holdings" or "Defendant", herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.   Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action").

On _____, 201__, Plaintiff filed the Settlement Agreement, along with the Plaintiff's Preliminary Approval Motion. The Preliminary Approval Motion was unopposed by defendant QC Holdings, Inc. ("Defendant").

On _____, 201__, upon consideration of the Settlement Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On _____, 201__, the Plaintiff filed his Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion").   Pursuant to that Final Approval Motion, Plaintiff requests final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

On _____, 201__, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court.

The Court has read and considered the Settlement Agreement, Motion for Attorneys' Fees, Costs and Incentive Payment, the Final Approval Motion and the record.   All capitalized terms used herein have the meanings defined herein and/or

in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

I.   JURISDICTION:  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

II.   SETTLEMENT CLASS MEMBERS:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a nationwide class action on behalf of the following Settlement Class Members:

> All persons or entities within the United States whose 10-digit cellular telephone numbers were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a customer loan application produced to Defendant, and who were called by Defendant using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

III.   CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT: Pursuant to Fed. R. Civ. P. 23, Plaintiff Paul Stemple is the Class Representative, and Joshua B Swigart of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. are certified as "Class Counsel".

IV.   NOTICE AND CLAIMS PROCESS:  Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court.  The form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the

circumstances.  The Court finds that the notice process was designed to advise the Settlement Class Members of their rights.  Further, the Court finds that Settlement Fund is approved, and the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

V.   FINAL CLASS CERTIFICATION:  The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes.  The Court finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk inherent at trial and of collecting any judgment obtained on behalf of the class.

VI.  SETTLEMENT TERMS:  The Settlement Agreement, which has been filed with the Court and is deemed incorporated herein, as well as the proposed settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

   1. The Claims Administrator, KCC Class Action Administrators, shall pay each of the _____ claimants that made a timely and valid claim the sum of $_____ (their pro rata share of the Settlement Fund);

   2. The Claims Administrator shall pay from the Settlement Fund $5,000 to the named Plaintiff Paul Stemple, payable through Class Counsel, as an incentive payment for bringing and participating in this Action;

   3. The Claims Administrator shall pay from the Settlement Fund to Class Counsel the sum of $_____ as attorneys' fees and the

1    sum of $_____ as costs incurred in litigating this Action, in the

2    manner specified in the Settlement Agreement. The award of attorneys'

3    fees is reasonable under either the lodestar or percentage-of-the-fund

4    approach;

5    4.  The Claims Administrator shall be paid from the Settlement Fund the

6    sum of $_____ for its costs and fees incurred in providing

7    class notice and claims administration and any amounts advanced by

8    Defendant for those purposes shall be credited and refunded to them from

9    the Settlement Fund.

10   VII.  EXCLUSIONS AND OBJECTIONS:   A total of \_\_\_\_ exclusions were

11   received.  Those persons requesting exclusion are named on Exhibit A to this

12   Order.  The Court hereby excludes these individuals from the settlement class

13   and they are not bound by the final judgment in this Action.

14   VIII. The Settlement Class Members were given an opportunity to object to the

15   settlement.  Only \_\_\_\_\_ Settlement Class Members filed objections.  After

16   consideration of each of the objections, the Court hereby overrules such

17   objections.

18   IX.  This Order is binding on all Settlement Class Members, except those

19   individuals named on Exhibit A, who validly and timely excluded

20   themselves from the settlement class in this Action.

21   X.  RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT:  The Class

22   Representative, Settlement Class Members, and their successors and assigns

23   are permanently barred and enjoined from instituting or prosecuting, either

24   individually or as a class, or in any other capacity, any of the Released

25   Claims against any of the Released Parties, as set forth in the Settlement

26   Agreement.  Pursuant to the Release contained in the Settlement Agreement,

27   the Released Claims are compromised, discharged, and dismissed with

28   prejudice by virtue of these proceedings and this Order.

XI.   The Action is hereby dismissed with prejudice in all respects.

XII.  This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

XIII. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.


     IT IS SO ORDERED.


Dated:  _____          _____

                                     THE HON. CYNTHIA BASHANT
                                     U.S. DISTRICT COURT JUDGE