# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEMPLE,<br><br>                                 Plaintiff,<br><br>    v.<br><br>QC HOLDINGS, INC.,<br><br>                                 Defendant. | Case No. 12-cv-01997-BAS(WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND**<br><br>**(2) GRANTING EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 101, 103) |

      Presently before the Court is an unopposed motion for leave to file a First Amended Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (ECF No. 101),[1] and an *ex parte* motion to file documents under seal in support of Plaintiff's motion for preliminary approval of nationwide class action settlement (ECF No. 103).

      For the reasons set forth below, the Court **GRANTS** the unopposed motion for leave to file a First Amended Complaint for Damages and Injunctive Relief Pursuant

---

[1] The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).

to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, and **GRANTS** the *ex parte* motion to seal.

## I.   BACKGROUND

Plaintiff Paul Stemple ("Plaintiff") commenced this putative class action against defendant QC Holdings, Inc. ("Defendant") on August 13, 2012 alleging (1) negligent and (2) knowing and/or willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* (ECF No. 1.) On September 5, 2014, the Court granted in part and denied in part Plaintiff's motion for class certification, certifying the following class pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All persons whose 10-digit cellular telephone numbers with a California area code were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a California customer loan application produced to [Defendant], which were called by [Defendant] using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

(*See* ECF No. 75 at pp. 15, 18.)

On March 20, 2015, the Court denied Defendant's motion for reconsideration of the Court's class certification order and stayed this case for ninety (90) days to allow time for a jointly agreed-upon mediation. (ECF No. 89.) After the Court lifted the stay, on October 2, 2015, Plaintiff filed a Notice of Settlement on a Class Basis. (*See* ECF Nos. 98, 99.) On December 18, 2015, Plaintiff filed an unopposed motion for leave to file a First Amended Complaint ("FAC"), a motion for preliminary approval of nationwide class action settlement and certification of settlement class, and an *ex parte* motion to file documents under seal in support of Plaintiff's motion for preliminary approval. (*See* ECF Nos. 101, 102, 103.) The Court will address the motion for preliminary approval in a separate order.

///

## II. DISCUSSION

### A. Unopposed Motion for Leave to File a First Amended Complaint

As part of the settlement agreement reached by the parties, Plaintiff moves this Court for leave to file a FAC. (ECF No. 101. at p. 2, ¶ 7.) According to Plaintiff, the proposed FAC, attached as Exhibit A to the motion, alleges that Plaintiff "is seeking to represent a nationwide class of persons defined consistent with the form of the California-only class definition certified by this Court in its September 5, 2014 Order. . . . The proposed [FAC] also modifies some of the previous allegations to conform to the evidence obtained in this action." (*Id*. at pp. 2-3, ¶ 8.) Plaintiff represents that Defendant does not oppose the motion, and that the request will not delay proceedings because Plaintiff filed a motion for preliminary approval of the parties' agreed-upon settlement the same day. (*Id*. at p. 3, ¶ 9.)

In the proposed FAC, Plaintiff brings a nationwide class action on behalf of himself and all others similarly situated, consisting of:

> All persons or entities within the United States whose 10-digit cellular telephone numbers were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a customer loan application produced to Defendant, and who were called by Defendant using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

(ECF No. 101, Exh. A, ¶ 20.) Plaintiff again alleges (1) negligent and (2) knowing and/or willful violations of the TCPA. (*See id*.)

Pursuant to the scheduling order issued in this case, any motion to amend the pleadings was to be filed no later than November 3, 2014. (ECF No. 79 at p. 1.) After a scheduling order has been issued setting a deadline to amend the pleadings and a party moves to amend the pleadings after the deadline, the motion amounts to one to amend the scheduling order and thus is properly brought under Federal Rule of Civil Procedure 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

607-08 (9th Cir. 1992).

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607 (citation omitted). If good cause is shown, the court proceeds to consider the requirements of Federal Rule of Civil Procedure 15(a). *Id*. at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987), for its explication of this order of operations); *C.F. v. Capistrano Unified School Dist*., 656 F.Supp.2d 1190, 1192 (C.D. Cal. 2009). After a responsive pleading is filed, leave to amend should be granted under Rule 15(a) "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id*. at 607.

Having reviewed and considered the moving papers, the Court finds good cause to modify the scheduling order and finds that granting leave to amend will not cause prejudice to the opposing party, and that the proposed amendment is not sought in bad faith, futile, or create undue delay. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file the FAC in the form attached to the motion.

### B. *Ex Parte* Motion to Seal

As part of the parties' motion for preliminary approval of the class action settlement, Plaintiff intends to rely upon a declaration from a representative of Defendant, which includes the complete cellular telephone numbers of the certified California-only class. (ECF No. 103 at p. 1.) Arguing the numbers constitute personal information or personally identifiable information that could be misused if made public, Plaintiff seeks permission to file under seal Exhibit C to the Declaration of Bill Elvin, which is part of Exhibit 2 to the Declaration of Abbas Kazerounian filed in support of the motion for preliminary approval. (*Id*. at pp. 1-2.)

Having reviewed and considered the moving papers and the lodged document, the Court finds good cause exists to seal the lodged exhibit. Accordingly, the Court

**GRANTS** Plaintiff's *ex parte* motion to file under seal Exhibit C to the Declaration of Bill Elvin, which is part of Exhibit 2 to the Declaration of Abbas Kazerounian filed in support of the motion for preliminary approval.

### III.   ORDER

For the reasons outlined above, the Court **GRANTS** Plaintiff's motion for leave to amend and **ORDERS** Plaintiff to file the FAC attached as Exhibit A to its motion no later than **April 4, 2016**.

The Court further **GRANTS** Plaintiff's *ex parte* motion to seal Exhibit C to the Declaration of Bill Elvin, which is part of Exhibit 2 to the Declaration of Abbas Kazerounian filed in support of the motion for preliminary approval. (*See* ECF No. 104 (Sealed Lodged Proposed Document).)

**IT IS SO ORDERED.**

DATED:  March 31, 2016

Hon. Cynthia Bashant
United States District Judge