# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEMPLE, *individually and on behalf of all others similarly situated*,<br><br>                    Plaintiff,<br><br>    v.<br><br>QC HOLDINGS, INC.,<br><br>                    Defendant. | Case No. 12-cv-01997-BAS(WVG)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**[ECF No. 110]** |

      Plaintiff Paul Stemple commenced this class action against Defendant QC Holdings, Inc. seeking relief for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (ECF No. 1.) Presently before the Court is Plaintiff's unopposed motion for final approval of the parties' class action settlement. (ECF No. 110.) The matter came on for hearing on November 7, 2016. (ECF No. 112.) The Court has considered the parties' Settlement Agreement and Release ("Settlement" or "Settlement Agreement"), comments received regarding the proposed Settlement, the record in this action, and the arguments and authorities of counsel. For the following reasons, the Court **GRANTS** Plaintiff's motion for final approval of the Settlement.

## I. **PROPOSED SETTLEMENT**

Following three years of litigation and attending multiple mediations, the parties reached a proposed Settlement. (Settlement Agreement Recitals C, D, ECF No. 102-3.)[1] The Settlement applies to a proposed Settlement Class that is defined as:

> All persons or entities within the United States whose 10-digit cellular telephone numbers were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a customer loan application produced to Defendant, and who were called by Defendant using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

(*Id.* § 2.1.) A Settlement Class Member is a person or entity who is encompassed by the Settlement Class and did not timely and properly opt out of the Settlement. (*Id.* § 1.30.)

Defendant denies that it has violated the TCPA or any other law, but it has agreed to establish a Settlement Fund in the amount of $1,500,000 to pay for awards to Settlement Class Members, settlement administration expenses, and any reasonable attorneys' fees and costs approved and awarded by the Court. (Settlement Agreement Recital E, § 4.1.) After deducting class expenses, a pro rata share of the Settlement Fund will be distributed by check to each Settlement Class Member who has submitted a valid claim to the third-party claims administrator. (*Id.* § 4.2.)

The parties agreed that Plaintiff would seek from the Court an award of attorneys' fees and litigation costs not to exceed $450,000 in attorneys' fees and $50,000 in litigation costs. (Settlement Agreement § 6.) Plaintiff has since filed a motion seeking attorneys' fees and costs (ECF No. 109), which the Court addresses in a separate order.

//

---

[1] Capitalized terms used in this Order but not defined herein have the meanings ascribed to them in the Settlement Agreement.

In support of the request for final approval, the Claims Administrator submits that it distributed notices to 20,952 potential Settlement Class Members. (Wall Suppl. Decl. ¶ 3, ECF No. 111-2.) The Claims Administrator received 1,520 claims, but it determined that 846 of these claims were deficient because claimants failed provide a signature or failed to list a cell phone number that matched a number in Defendant's records. (*Id.* ¶¶ 6–7.) After sending deficiency letters that allowed claimants to cure their claim's deficiencies, some of the deficiencies were cured. (*Id.*) When this motion was filed, there were "640 valid claims, 828 remaining deficient claims, 35 duplicate claims and 17 late claims." (Wall Suppl. Decl. ¶ 9.)

Altogether, as of the final approval hearing, Plaintiff's counsel informed the Court that there are 645 valid claims. Thus, because 645 valid claims were received out of 20,952 unique records for the Settlement Class Members, the claims rate is approximately 3.08%. (*See id.* ¶¶ 3, 9.) The Claims Administrator received only one request for exclusion from the Settlement. (*Id.* ¶ 5.) Further, no objections to the Settlement have been received. (*Id.* ¶ 5; Kazerounian Suppl. Decl. ¶ 6, ECF No. 111-1.)

The Claims Administrator has incurred administrative fees and costs of $205,233, and it anticipates the total amount of fees and costs will not exceed $216,000. (Wall Suppl. Decl. ¶ 10.) Therefore, $779,000 of the $1,500,000 Settlement Fund will remain for awards to Settlement Class Members after subtracting (1) $450,000 in attorneys' fees, (2) $50,000 in litigation costs, (3) $5,000 for an incentive award, and (4) $216,000 in claims administration expenses. With 645 valid claims, the recovery per claim will be approximately $1,208.

Upon final approval of the Settlement, all Settlement Class Members shall be deemed to have released and discharged Defendant from any and all claims that are known or unknown to the class members and relate to the this action. (Settlement Agreement § 16.)

//

## II. ANALYSIS

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Although the Court certified a California-only class before the parties reached their Settlement (ECF No. 75), the parties defined a new, nationwide class in their Settlement Agreement. Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012).

In this case, for the reasons outlined in the Court's Order Granting Motion for Preliminary Approval of Nationwide Class Action Settlement and Certification of Settlement Class ("Preliminary Approval Order") (ECF No. 108), the Court concludes that class certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate.

The Court further finds that the Settlement is "fair, reasonable, and adequate" under Rule 23(e) of the Federal Rules of Civil Procedure. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026. A court may not "delete, modify or substitute certain provisions" of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id.*

As mentioned, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026.

| | |
|---|---|
| 1 | Consequently, a district court "must be particularly vigilant not only for explicit |
| 2 | collusion, but also for more subtle signs that class counsel have allowed pursuit of |
| 3 | their own self-interests and that of certain class members to infect the negotiations." |
| 4 | *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Other |
| 5 | relevant factors to this determination include, among others, "the strength of the |
| 6 | plaintiffs' case; the risk, expense, complexity, and likely duration of further |
| 7 | litigation; the risk of maintaining class-action status throughout the trial; the amount |
| 8 | offered in settlement; the extent of discovery completed and the stage of the |
| 9 | proceedings; the experience and views of counsel; the presence of a governmental |
| 10 | participant; and the reaction of the class members to the proposed settlement." |
| 11 | *Hanlon*, 150 F.3d at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d |
| 12 | 566, 575 (9th Cir. 2004). |
| 13 | Here, the Court made a preliminary fairness determination in its Preliminary |
| 14 | Approval Order. In doing so, the Court addressed a series of fairness factors but |
| 15 | reserved judgment on the issue of "the reaction of the class members to the proposed |
| 16 | settlement." *See Hanlon*, 150 F.3d at 1026. Now, after Settlement Class Members |
| 17 | have been notified of the Settlement and have had an opportunity to express their |
| 18 | reactions, the Court notes that no objections have been filed to the Settlement. Thus, |
| 19 | in addition to those factors considered by the Court in its Preliminary Approval |
| 20 | Order, the Court finds this remaining factor supports approving the Settlement. |
| 21 | Accordingly, the Court concludes the parties' Settlement is "fair, reasonable, and |
| 22 | adequate." *See* Fed. R. Civ. P. 23(e)(2). |
| 23 | Further, the Court previously approved the form and manner of notice to the |
| 24 | Settlement Class Members. The Court now finds the method for distributing class |
| 25 | notice was executed as previously detailed in its Preliminary Approval Order. (*See* |
| 26 | Wall Decl. ¶¶ 1–17, ECF No. 110-13.) The Claims Administrator distributed notice |
| 27 | by mail to 20,952 potential Settlement Class Members. (*Id.* ¶¶ 5–6.) It also |
| 28 | supplemented the direct mail notice by establishing a settlement website, publishing |

a notice in a print magazine, and sponsoring internet advertising regarding the Settlement. (*Id.* ¶¶ 9–12.) Hence, the Court finds the notice to class members satisfies due process. *See* Fed. R. Civ. P. 23(e)(1).

Accordingly, because the Settlement is fair and the Claims Administrator executed the notice program previously approved by the Court, the Court finds final approval of the Settlement is warranted.

### III. CONCLUSION

For the reasons stated both in this Order as well as its Preliminary Approval Order, the Court **GRANTS** Plaintiff's motion for final approval of the parties' class action settlement (ECF No. 110). Accordingly, the Court **ORDERS** as follows:

**(1)** Pursuant to Fed. R. Civ. P. 23(b)(3), the above-titled action ("Action") is hereby finally certified, for settlement purposes only, as a nationwide class action on behalf of the following Settlement Class Members:

> All persons or entities within the United States whose 10-digit cellular telephone numbers were listed by an account holder in the Employment and/or Contacts fields, but were not listed in the Personal fields, of a customer loan application produced to Defendant, and who were called by Defendant using an ATDS and/or an artificial or prerecorded voice for the purpose of collecting or attempting to collect an alleged debt from the account holder, between August 13, 2008 and August 13, 2012.

**(2)** Pursuant to Fed. R. Civ. P. 23, Plaintiff Paul Stemple is appointed as the Class Representative, and Joshua B Swigart of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. are appointed as Class Counsel.

**(3)** Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions was in conformity with

1  this Court's Preliminary Approval Order and satisfied the requirements of Fed. R.
2  Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under
3  the circumstances. The Court finds that the notice process was designed to advise the
4  Settlement Class Members of their rights. Further, the Court approves the Settlement
5  Fund. It also finds that the claim process set forth in the Settlement Agreement was
6  followed and that the process was the best practicable procedure under the
7  circumstances.

8  **(4)** The Court finds that the Action satisfies the applicable prerequisites for
9  class action treatment under Fed. R. Civ. P. 23, for settlement purposes. The Court
10 finds that the Settlement of the Action, on the terms and conditions set forth in the
11 Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the
12 Settlement Class Members, especially in light of the benefits to the Settlement Class
13 Members; the strength of the Settlement Class Members' case; the complexity,
14 expense, and probable duration of further litigation; and the risk inherent at trial and
15 of collecting any judgment obtained on behalf of the class.

16 **(5)** The Settlement Agreement, which has been filed with the Court and is
17 deemed incorporated herein, as well as the proposed Settlement, are finally approved
18 and shall be consummated in accordance with the terms and provisions thereof,
19 except as amended by any order issued by this Court. The Claims Administrator shall
20 pay each of the claimants who made a timely and valid claim, including late claims
21 received by August 31, 2016, (i.e., approximately 645 claims), their *pro rata* share
22 of the Settlement Fund.

23 **(6)** The Court awards attorneys' fees, costs, and an incentive service award to
24 Plaintiff Paul Stemple as set forth in the Court's Order submitted simultaneously with
25 this Order. Further, the Claims Administrator's expenses of up to $216,000 shall be
26 deducted from the Settlement Fund.

27 **(7)** A total of one request for exclusion was received. The person(s) requesting
28 exclusion is Charline Cravens/Wayne Cravens of Illinois. The Court hereby excludes

such individual(s) from the Settlement Class as not bound by the final judgment in this Action.

**(8)** The Settlement Class Members were given an opportunity to object to the Settlement. There are no objections to the Settlement.

**(9)** This Order is binding on all Settlement Class Members, except those individual(s) named in item (7) above, who validly and timely excluded themselves from the Settlement Class in this Action.

**(10)** The Class Representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the Release contained in the Settlement Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

**(11)** The Action is hereby dismissed with prejudice in all respects.

**(12)** This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

**(13)** Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

**(14)** The Clerk of the Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

Hon. Cynthia Bashant
United States District Judge